**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

JESSE BRAKEALL,                                                    CASE NO. 2:10-cv-740

      Petitioner,                                              JUDGE GREGORY L. FROST
                                                    MAGISTRATE JUDGE KEMP

v.

WARDEN ROSS CORRECTIONAL
INSTITUTION,

      Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Court on that petition, respondent's return of writ, and petitioner's reply.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that  petitioner's claims be **DISMISSED.**

## FACTS AND PROCEDURAL HISTORY

The Ohio Twelfth District Court of Appeals summarized the facts and procedural history of this case as follows:

> {¶ 2} In the early morning hours of December 23, 2007, Brakeall and two of his friends went to the Waffle House located off State Route 35 in Fayette County, Ohio. When they tried to order some food, a waitress told them she could not serve them because the cash register was broken. Nevertheless, Brakeall kept insisting on being served, even offering to pay $20 to the waitress and to allow her to keep the change if she would give him and his friends some food.
>
> {¶ 3} Upon seeing the confrontation, Ross Sykes, who was a regular customer of the Waffle House, came to the waitress' defense, telling Brakeall and his friends they should wait to be served, just as he had. Brakeall and Sykes then exchanged words, culminating in Brakeall

challenging Sykes to step outside. Sykes followed Brakeall outside to the parking lot. Sykes dodged Brakeall's first punch, but Brakeall's second punch landed on Sykes' mouth, causing him to fall backward and strike his head on the pavement, thereby knocking him unconscious. Sykes later died from his injuries.

{¶ 4} In February 2008, Brakeall was indicted for felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree ("count one"), and murder in violation of R.C. 2903.02(B), a felony of the first degree ("count two"). In June 2008, Brakeall was tried by jury, which convicted him as charged. The trial court sentenced Brakeall to an indefinite prison term of 15 years to life.

*State v. Brakeall*, 2009 WL 2139543 (12th Dist. 2009); *Exhibit 9 to Return of Writ*.

Represented by new counsel, petitioner filed a notice of appeal on June 23, 2008.

*Exhibit 7 to Return of Writ*.   He raised the following assignments of error on appeal:

1.  THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION FOR A NEW TRIAL

2.  THE TRIAL COURT VIOLATED APPELLANT'S STATE CONSTITUTIONAL RIGHT TO A GRAND JURY INDICTMENT AND STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS WHERE APPELLANT'S INDICTMENT FAILED TO INCLUDE AN ESSENTIAL ELEMENT FO [sic] THE OFFENSE CHARGED.

3.  THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO DUE PROCESS AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION IN ARTICLE I, SECTION X OF THE OHIO CONSTITUTION BY ENTERING VERDICTS OF GUILTY, AS THE JURY'S VERDICT WAS AGAINST THE MANIFES [sic] WEIGHT OF THE EVIDENCE.

*Id.*

On July 20, 2009, the appellate court affirmed the judgment of the trial court.

*Exhibit 8 to Return of Writ*.  Petitioner, proceeding pro se, filed a timely notice of appeal

to the Ohio Supreme Court setting forth the following propositions of law:

> I.   The Trial Court erred by denying Appellant's Motion for New Trial.
>
> II.   The Trial Court violated Appellant's State Constitutional Right to a Grand Jury indictment and State and Federal Constitutional Rights to Due Process Where Appellant's Indictment failed to include an essential element of the offense charged.
>
> III.   The Trial Court violated Appellant's right to Due Process as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Constitution by entering verdicts of guilty, as the Jury's verdict was against the manifest weight of the evidence.

*Exhibit 11 to Return of Writ*.  The Ohio Supreme Court denied leave to appeal and dismissed petitioner's case as not involving any substantial constitutional question.

*Exhibit 12 to Return of Writ*.

On October 19, 2009, petitioner filed an application for reopening of his direct appeal pursuant to Appellate Rule 26(B).  *Exhibit 13 to Return of Writ*. In his application, petitioner asserted that his appellate counsel was ineffective because of the failure to raise the following issues on appeal:

> 1.  Assault is a lesser-included offense of felonious assault, and involuntary manslaughter is a lesser-included offense of felony murder. The trial court erred when it failed to instruct the jury on assault and involuntary manslaughter when the evidence presented at trial supported the necessary elements of those lesser-included offenses.
>
> 2.  Assault is a lesser-included offense of felonious assault, and involuntary manslaughter is a lesser-included offense of felony murder. Mr. Brakeall's trial counsel provided ineffective assistance when he failed to request lesser-included instructions on assault and involuntary manslaughter because the evidence presented at trial supported the necessary elements of those lesser-included offenses and would have likely changed the outcome.

3

The state appellate court denied petitioner's 26(B) application on January 22, 2010.

*Exhibit 15 to Return of Writ*.

On March 4, 2010, petitioner, proceeding pro se, filed a timely appeal to the Ohio

Supreme Court.  *Exhibit 16 to Return of Writ.*  He raised the following propositions of

law:

> I.  Assault is a lesser-included offense of felonious assault, and
> involuntary manslaughter is a lesser-included offense of felony murder.
> The trial court erred when it failed to instruct the jury on assault and
> involuntary manslaughter when the evidence presented at trial supported
> the necessary elements of those lesser-included offenses.

> II.  Assault is a lesser included offense of felonious assault, and
> involuntary manslaughter is a lesser-included offense of felony murder.
> Mr. Brakeall's trial counsel provided ineffective assistance when he failed
> to request lesser included instructions on assault and involuntary
> manslaughter because the evidence presented at trial supported the
> necessary elements of those lesser-included offenses and would have
> likely changed the outcome.

On May 26, 2010, the Ohio Supreme Court dismissed the appeal as not involving

any substantial constitutional question.  *Exhibit 19 to Return of Writ*.

On August 17, 2010, petitioner, still proceeding pro se, filed the instant petition

for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  He alleges that he is in the

custody of the respondent in violation of the Constitution of the United States based

upon the following ground raised on the face of the petition, set forth verbatim:

> **Ground One**: The Trial Court erred by denying Petitioners' Motion for a
> New Trial.

> **Ground Two:** The Trial Court violated Petitioner's State Constitutional
> Right to a Grand Jury Indictment and State and Federal Constitutional

Rights to Due Process Where Petitioner's Indictment failed to include an essential element of the offense charged.

**Ground Three:** The Trial Court violated Petitioner's right to Due Process as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution by entering verdicts of guilty, as the Jury's verdict was against the manifest weight of the evidence.

**Ground Four:** Assault is a lesser-included offense of felonious assault, and involuntary manslaughter is a lesser-included offense of felony murder. The trial court erred when it failed to instruct the jury on assault and involuntary manslaughter when evidence presented at trial supported the necessary elements of those lesser-included offenses.

**Ground Five:** Assault is a lesser-included offense of felonious assault, and involuntary manslaughter is a lesser-included offense of felony murder. Mr. Brakeall's trial counsel provided ineffective assistance when he failed to request lesser included instructions on assault and involuntary manslaughter because the evidence at trial supported the necessary elements of those lesser-included offenses and would have likely changed the outcome.

It is the position of the respondent that petitioner's claims are not cognizable in habeas corpus or fail on their merits.

## STANDARD OF REVIEW

The provisions of the Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (AEDPA) govern the scope of this Court's review. *See Penry v. Johnson*, 532 U.S. 782, 791, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001); *Wilson v. Parker*, 515 F.3d 682, 691 (6th Cir.2008). AEDPA imposes a "highly deferential standard for evaluating state-court rulings," *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and "demands that state-court decisions be given the benefit of the doubt," *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (per curiam ).

5

*Renico v. Lett*, 130 S.Ct. 1855, 1862 (2010)(footnote omitted) .

When the claims presented in a habeas corpus petition have been presented to and decided by the state courts, a federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence that was presented. 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As the Supreme Court has explained, "an unreasonable application of federal law is different from an incorrect application of federal law." *Williams v. Taylor*, 529 U.S. 362, 410, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *see also Harbison v. Bell*, 408 F.3d 823, 829 (6th Cir. 2005). Indeed, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.*, at 411, 120 S.Ct. 1495. Rather, that application must be "objectively unreasonable." *Id.*, at 409, 120 S.Ct. 1495. This distinction creates "a substantially higher threshold" for obtaining relief than de novo review. *Schriro v. Landrigan*, 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836

6

(2007).  The Court will apply this standard to petitioner's claim.

## CLAIM ONE

In his memorandum in support, petitioner asserts that the trial court erred by denying his motion for a new trial.   The state appellate court addressed petitioner's claim as follows:

{¶ 8} Brakeall argues the trial court erred by denying his motion for a new trial based on juror misconduct, or at least, by denying his motion without holding an evidentiary hearing. We disagree.

{¶ 9} A new trial may be granted on motion of a criminal defendant due to juror misconduct that materially affects the defendant's substantial rights. Crim.R. 33(A)(2). A motion for a new trial based on juror misconduct must be supported by affidavit showing the truth of the allegation. Crim.R. 33(C). The decisions whether to grant a motion for a new trial or hold an evidentiary hearing on the motion are committed to the trial court's sound discretion, and the trial court's decision will not be reversed absent an abuse of discretion, i.e., the decision is arbitrary, unconscionable or unreasonable. *See State v. Hessler*, 90 Ohio St.3d 108, 122-124, 734 N.E.2d 1237, 2000-Ohio-30.

*2 {¶ 10} Attached to Brakeall's motion for a new trial was an affidavit from his defense counsel who averred that on June 27, 2008, the trial court informed him "that pursuant to information learned from a deputy, two jurors referred to extrinsic materials and/or evidence while deliberating [Brakeall's] verdict." In a memorandum supporting the motion for a new trial, defense counsel represented that the extrinsic material to which the jurors had referred was a Black's Law Dictionary.

{¶ 11} On September 11, 2008, the trial court issued a judgment entry denying Brakeall's motion for a new trial. The trial court noted that Brakeall's motion was filed in response to the trial court's informing defense counsel and the prosecutor "that a court employee had received information from a juror concerning the use of a law dictionary during jury deliberations." The trial court overruled the motion for a new trial on the basis that under the "aliunde rule" contained in Evid.R. 606(B), the jury's verdict could not be impeached with the information the court employee had received from a juror. We agree with the trial court's ruling.

{¶ 12} Evid.R. 606(B) states:

{¶ 13} "Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith. A juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear on any juror, only after some outside evidence of that act or event has been presented. However, a juror may testify without the presentation of any outside evidence concerning any threat, any bribe, any attempted threat or bribe, or any improprieties of any officer of the court. A juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying will not be received for these purposes." (Emphasis added.)

{¶ 14} Evid.R. 606(B) embodies the rule on evidence aliunde or the "aliunde rule." *State v. Schiebel* (1990), 55 Ohio St.3d 71, 75-76, 564 N.E.2d 54; *State v. Lewis* (1990), 70 Ohio App.3d 624, 640-642, 591 N.E.2d 854. As stated in *Schiebel* at 75-76, 564 N.E.2d 54:

{¶ 15} "Evid.R. 606(B) governs the competency of a juror to testify at a subsequent proceeding concerning the original verdict.

{¶ 16} " * * *

{¶ 17} "In order to permit juror testimony to impeach the verdict, a foundation of extraneous, independent evidence [i.e., evidence aliunde] must first be established. This foundation must consist of information from sources other than the jurors themselves [citation omitted], and the information must be from a source which possesses firsthand knowledge of the improper conduct. One juror's affidavit alleging misconduct of another juror may not be considered without evidence aliunde being introduced first. [Citations omitted.] Similarly, where an attorney is told by a juror about another juror's possible misconduct, the attorney's testimony is incompetent and may not be received for the purposes of impeaching the verdict or for laying a foundation of evidence aliunde. [Citations omitted.]"

{¶ 18} The purposes of the aliunde rule are to (1) maintain the sanctity of

8

the jury room and the deliberations therein, (2) ensure the finality of jury verdicts, and (3) protect jurors from being harassed by defeated parties. *See Schiebel*, 55 Ohio St.3d at 75, 564 N.E.2d 54; and *Hessler*, 90 Ohio St.3d at 123, 734 N.E.2d 1237.

{¶ 19} In this case, Brakeall failed to present evidence aliunde of the alleged juror misconduct and thus failed to lay the requisite foundation for the introduction of any testimony from a member of the jury regarding alleged juror misconduct. Evid.R. 606(B); *Schiebel*, 55 Ohio St.3d at 75-76, 564 N.E.2d 54; Lewis, 70 Ohio App.3d at 640-642, 591 N.E.2d 854. The only evidence Brakeall presented of juror misconduct was his defense counsel's affidavit that contained information defense counsel had received from the trial court, which the trial court had received from a court employee, who had received the information from a juror. Such evidence does not qualify as evidence aliunde, since the evidence came from a juror. Evid.R. 606(B); *Schiebel*; and *Lewis*.

{¶ 20} Specifically, the affidavit of Brakeall's defense counsel does not constitute firsthand knowledge of the alleged juror misconduct, nor was there any showing that the trial court or the court employee had firsthand knowledge of the alleged juror misconduct. Instead, the information regarding the alleged juror misconduct came from a member of the jury. Defense counsel, the trial court, and the court employee merely served as conduits through which the allegation of juror misconduct was repeated. *See Lewis*, 70 Ohio App.3d at 642, 591 N.E.2d 854. Therefore, defense counsel's affidavit, which included defense counsel's averment that the trial court had informed him "that pursuant to information learned from a deputy, two jurors referred to extrinsic materials and/or evidence while deliberating [Brakeall's] verdict," was incompetent, and therefore, the affidavit could "not be received for the purposes of impeaching the verdict or for laying a foundation of evidence aliunde." *Schiebel*, 55 Ohio St.3d at 75-76, 564 N.E.2d 54. *See, also*, Evid.R. 606(B); and *Lewis*, 70 Ohio App.3d at 640-642, 591 N.E.2d 854.

{¶ 21} Consequently, the trial court did not abuse its discretion by refusing to grant Brakeall a new trial on the grounds of juror misconduct, since Brakeall failed to present evidence aliunde of the alleged juror misconduct. *Schiebel* and *Lewis*. Also, the trial court did not abuse its discretion under the circumstances of this case by denying Brakeall's motion without holding an evidentiary hearing. *Hessler,* 90 Ohio St.3d at 124, 734 N.E.2d 1237.

*Brakeall,* *1-3.

Petitioner did not assert constitutional error before the state courts nor has he done so here with respect to this claim.  Rather, he has asserted this claim solely in terms of a violation of state law or the Ohio Constitution.  As a result, this claim fails to present an issue appropriate for federal habeas corpus relief. A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir.1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir.1988). " '[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure' " in considering a habeas petition. Id. (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir.1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir.1988).  For this reason, petitioner's first claim will be denied.

## CLAIM TWO

Petitioner's second claim is that the trial court violated his state constitutional right to a grand jury indictment and his due process rights when his indictment failed to include an essential element of the offense.  The state appellate court addressed this

10

claim as follows:

{¶ 25} Brakeall argues that count two of the indictment charging him with murder failed to include an essential element of the crime, namely, the mens rea or culpable mental state for the offense. He contends that pursuant to R.C. 2901.21(B), the culpable mental state for murder is "recklessness," because R.C. 2903.02(B), which defines the offense of murder, "neither specifies culpability nor indicates a purpose to impose strict criminal liability" for that offense. He concludes by arguing that since count two of the indictment failed to include the element of recklessness, the indictment failed to charge him with murder, and therefore, his conviction for murder should be reversed. We find this argument unpersuasive.

{¶ 26} R.C. 2903.02(B) states

{¶ 27} "No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree and that is not a violation of section 2903.03 [voluntary manslaughter] and 2903.04 [involuntary manslaughter] of the Revised Code."

{¶ 28} "[T]he culpable mental state required to support a conviction under R.C. 2903.02(B) is the same one that must be proved to support a conviction for the underlying felony offense of violence." *State v. Johnson*, Hamilton App. Nos. C-020256, C-020257, 2003-Ohio-3665, ¶ 53, citing *State v. Miller*, 96 Ohio St.3d 384, 775 N.E.2d 498, 2002-Ohio4931, ¶ 31-34.

{¶ 29} The "underlying felony offense of violence" for the murder charge in count two of the indictment was felonious assault, a felony of the second degree, and the culpable mental state for felonious assault is "knowingly." R.C. 2903.11(A)(1) and (D). Therefore, the culpable mental state for the offense of murder in this case was "knowingly" rather than "recklessness." *See Johnson* and *Miller*.

{¶ 30} Furthermore, contrary to what Brakeall contends, this is not an instance where the indictment failed to charge the mens rea element of the offenses for which Brakeall was indicted, *cf. State v. Colon*, 118 Ohio St.3d 26, 885 N.E.2d 917, 2008-Ohio-1624, syllabus, as limited by *State v. Colon*, 119 Ohio St.3d 204, 893 N.E.2d 169, 2008-Ohio-3749, ¶ 3-8, since count one of the indictment charging Brakeall with felonious assault alleged that he "knowingly" caused serious physical harm to the victim, and count two of

11

the indictment charging Brakeall with murder specified that the murder charge arose from his committing or attempting to commit felonious assault.

As with petitioner's first claim, to the extent that he alleges a violation of state law or the Ohio Constitution, he fails to present an issue appropriate for federal habeas corpus relief. With respect to any claim under the Fourteenth Amendment, due process mandates that a criminal defendant be provided fair notice of the charges against him so that he may adequately prepare a defense. *Lucas v. O'Dea,* 179 F.3d 412, 417 (6th Cir.1999); *Koontz v. Glossa*, 731 F.3d 365, 369 (6th Cir.1984).

Fair notice has been given when "the offense [is] described with some precision and certainty so as to apprise the accused of the crime with which he stands charged. Such definiteness and certainty are required as will enable a presumptively innocent man to prepare for trial."

*Williams v. Haviland, supra,* 467 F.3d at 535. Such were the circumstances here. *See Exhibit 1 to Return of Writ.* This Court and other courts faced with a claim that this type of indictment violates the Due Process Clause of the Fourteenth Amendment have reached similar results. *See, e.g. Thompson v. Anderson*, 2010 WL 4025936 (N.D. Ohio March 19, 2010); *Ervin v. Warden, U.S. Penitentiary, Lewisburg, Pennsylvania*, 2010 WL 1257900 (S.D. Ohio January 12, 2010), adopted 2010 WL 1257903 (S.D. Ohio March 31, 2010). As *Ervin* observed, "the indictment here satisfied due process by advising Petitioner of the precise nature of the charge ... and of the date, time [and] place [when] the offense was alleged to have been committed." *Id*. at *2. Consequently, petitioner has not stated a Fourteenth Amendment claim.

**CLAIM THREE**

12

Petitioner's third claim is that the jury verdict was against the manifest weight of the evidence.   In his reply, petitioner appears to have abandoned this claim.  As stated by petitioner at page 2 of his reply,

> The Petitioner concede[s] any further argument as to Ground Three would not be proper, as a Manifest weight Claim, is not Cognizable in a Federal Habeas Corpus Action.

For the reasons that follow, petitioner is correct.  The state appellate court addressed petitioner's manifest weight of the evidence claim as follows.

> {¶ 34} Brakeall argues his convictions for felonious assault and murder were contrary to the manifest weight of the evidence. We disagree.

> {¶ 35} Brakeall admitted to punching Sykes in the mouth, which caused Sykes to fall back and strike his head on the pavement, causing his death. The evidence showed that Brakeall punched Sykes so hard that Brakeall split open his own hand, requiring multiple sutures to close. Brakeall defended the felonious assault and murder charges by claiming that Sykes had provoked him, that he was objectively and subjectively afraid of Sykes; and that he was acting in self-defense when he punched Sykes.

> {¶ 36} However, a review of the evidence shows that there was ample evidence presented to support the jury's findings that Brakeall failed to prove his self-defense claim by a preponderance of the evidence, see R.C. 2901.05(A), and that the state had proved Brakeall's guilt beyond a reasonable doubt on the charges of felonious assault and murder.

> {¶ 37} Furthermore, any inconsistencies in the testimony of three of the Waffle House's employees who testified for the state were minor, and any inconsistency between the witnesses' initial and subsequent statements were attributable largely to the fact that a power outage at the Waffle House on the night in question forced the witnesses to write their statements to police using flashlights for illumination. There is nothing in the record to show that the jury lost its way in resolving conflicts in the evidence or created such a manifest miscarriage of justice that a new trial must be ordered. *State v. Bryant*, Warren App. No. CA2007-02-024, 2008-Ohio-3078, ¶ 30.

This claim also fails to present an issue appropriate for federal habeas corpus review.  The Due Process Clause does not provide relief for defendants whose convictions are against the manifest weight of the evidence, but only for those who have been convicted without enough proof to allow a rational trier of fact to find guilt beyond a reasonable doubt. *Walker v. Engle*, 703 F.2d 959, 969 (6th Cir.1983).  In the context of a claim alleging a violation of due process, "sufficiency of the evidence" refers to the due process requirement that there be enough evidence introduced in favor of the prosecution for a rational trier of fact to find each element of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In reviewing a sufficiency of the evidence claim, a federal habeas court must defer to the trier of fact with respect to issues of conflicting testimony, weight of the evidence, and the credibility of the witnesses. *Jackson*, 443 U.S. at 319; *Walker*, 703 F.2d at 969.

However, under Ohio law, a claim that a verdict was against the manifest weight of the evidence-as opposed to one based upon insufficient evidence-requires the appellate court to act as a "thirteenth juror" and review the entire record, weight the evidence, and consider the credibility of witnesses to determine whether "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983); *cf. Tibbs v. Florida*, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). Since a federal habeas court does not function as an additional state appellate court,

14

vested with the authority to conduct such an exhaustive review, any claim that petitioner's conviction was against the manifest weight of the evidence cannot be considered by this Court.

## CLAIMS FOUR AND FIVE

Petitioner's fourth and fifth claims were raised in his Rule 26(B) application asserting ineffective assistance of appellate counsel. However, he does not identify these claims in his petition as raising constitutional claims of ineffective assistance of appellate counsel. Rather, he asserts these claims in his habeas petition as independent claims. As a result, petitioner's fourth claim relates to trial court error in failing to instruct the jury on the elements of lesser-included offenses. In his memorandum in support, he contends that this alleged trial court error violated his Sixth and Fourteenth Amendment rights. Further, in his fifth claim petitioner contends that trial counsel was ineffective for failing to request instructions on lesser-included offenses. Despite this, respondent has addressed these claims as ineffective assistance of appellate counsel claims.

At the outset, the Court notes that, to the extent petitioner seeks habeas corpus review of these underlying claims, his Rule 26(B) application does not preserve these claims for habeas review because only ineffective assistance of appellate counsel claims survive through such an application. Further, a federal district court may, in its discretion, raise the issue of procedural default sua sponte "generally after affording the petitioner an opportunity to respond." *Foti v. Bobby*, 2007 WL 1577785 (N.D.Ohio May

15

31, 2007), *citing Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir.2005); *Lorraine v. Coyle,* 291 F.3d 416, 426 (6th Cir.2002). Here, petitioner will have the opportunity to address the recommendation of dismissal of these claims should he choose to file objections to this Report and Recommendation.  Consequently, the Court will consider the issue of petitioner's procedural default of the underlying claims.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.*; *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) ( per curiam ); *Picard v. Connor*, 404 U.S. 270, 275-76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Engle v. Isaac*, 456 U.S. 107, 129, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when  a federal

16

habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id*.  Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id*. This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir.1985).

Petitioner claims violations of his Sixth and Fourteenth Amendment rights from trial court error in failing to instruct the jury on lesser included offenses and trial counsel's ineffectiveness in failing to request the instructions.  As discussed above, he did not raise these claims in his direct appeal before the Twelfth District Court of Appeals or the Ohio Supreme Court.

With respect to petitioner's claim that his constitutional rights were violated as a result of trial court error, he may no longer present this claim to the state courts under

Ohio's doctrine of *res judicata.   State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169 (1982);

*State v. Ishmail*, 67 Ohio St.2d 16, 423 N.E.2d 1068 (1981); *State v. Perry*, 10 Ohio St.2d 175,

226 N.E.2d 104 (1967).

To the extent that petitioner's ineffective assistance of trial counsel claim relies on

evidence readily apparent from the face of the record, such claim should have been

raised on direct appeal, but was not.  Further, petitioner now may no longer present

such a claim to the state courts under Ohio's doctrine of *res judicata*.

To the extent that petitioner's claim of ineffective assistance of trial counsel may

rely on evidence not readily apparent from the face of the record, such a claim would

properly be raised in a petition for post conviction relief pursuant to O.R.C. § 2953.21;

however, the time period for filing such action has long since expired.[1]  Petitioner may

---

[1]O.R.C. § 2953.21 provides in relevant part:

(A)(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

(2) A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or the date on which the trial transcript is filed in the supreme court if the direct appeal involves a sentence of death. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.

pursue a delayed post conviction petition, pursuant to O.R.C. §2953.23, which provides:

> (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
> (1) Either of the following applies:
>
> (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
>
> (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

However, the record fails to reflect that petitioner can meet this standard here.

Because of the nature of the petitioner's procedural default here, the state courts were never given the opportunity to enforce the procedural rule at issue. The Court therefore deems the first and second parts of *Maupin* to have been met with respect to petitioner's fourth and fifth claims.

The Court must next decide whether the procedural rule at issue constitutes an adequate and independent bases upon which to foreclose review of the petitioner's

federal constitutional claims.  This task requires the Court to balance the state's interests behind each procedural rule against the federal interest in reviewing federal claims.  *See Maupin v. Smith*, 785 F.2d at 138.  The Court of Appeals for the Sixth Circuit has consistently held that Ohio's doctrine of *res judicata, i.e.,* the *Perry* rule, is an adequate ground for denying federal habeas relief.  *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir.2006)*; Coleman v.Mitchell,* 268 F.3d 417, 427-29 (6th Cir.2001); *Seymour v. Walker,* 224 F.3d 542, 555 (6th Cir.2000); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir.2000); *Norris v. Schotten,* 146 F.3d 314, 332 (6th Cir.1998). The doctrine of *res judicata* is stated in unmistakable terms in countless Ohio decisions, and Ohio courts have consistently refused, in reliance on that doctrine, to review the merits of claims. *See State v. Cole, supra; State v. Ishmail, supra.*  Further, the doctrine of *res judicata* serves the state's interest in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. With respect to the independence prong, the Court concludes that *res judicata* does not rely on or otherwise implicate federal law. The third part of the *Maupin* test has been met.

Thus, petitioner has waived his right to present his underlying claims of constitutional violations arising from the trial court's failure to instruct on lesser-included offenses and his trial counsel's failure to request such instruction.  However, petitioner still may obtain review of these claims on the merits if he establishes cause for his procedural default, as well as actual prejudice from the alleged constitutional

violation.

> " '[C]ause' under the cause and prejudice test must be something external
> to the petitioner, something that cannot fairly be attributed to him[;] ...
> some objective factor external to the defense [that] impeded ... efforts to
> comply with the State's procedural rule." *Coleman v. Thompson*, 501 U.S.
> 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

> *Maples v. Stegall*, 340 F.3d 433, 438 (6th Cir.2003).

The constitutionally ineffective assistance of counsel may constitute cause for a

procedural default, so long as such claim has been presented to the state courts and is

not, itself, procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 451-52, 120 S.Ct.

1587, 146 L.Ed.2d 518 (2000), *citing Murray v. Carrier*, 477 U.S. 478, 488-89 (1986).  As

noted above, petitioner raised claims of ineffective assistance of appellate counsel in his

Rule 26(B) application before the Ohio courts.

The state appellate court rejected petitioner's claims of ineffective assistance of

appellate counsel as follows:

> Under *Strickland*, a court must apply a heavy measure of deference to
> counsel's judgments, and indulge a strong presumption that counsel's
> conduct falls within the wide range of reasonable professional assistance.
> Moreover, since the basis of appellant's claim is counsel's failure to raise
> certain issues on appeal, appellate counsel need not raise every possible
> issue in order to render constitutionally effective assistance.  *State v. Burke*,
> 97 Ohio St.3d 55, 2002-Ohio-5310, ¶7.  *See Jones v. Barnes* (1983), 463 U.S.
> 745, 103 S.Ct. 3308.  *See also, Tenace* at ¶9 and *Myers* at ¶10.

> The failure of trial counsel to request instructions on lesser
> included offenses is a matter of trial strategy and does not constitute
> ineffective assistance of counsel.  *State v. Griffie*, 74 Ohio St.3d 332, 1996-
> Ohio-71; *State v. Clayton* (1980), 62 Ohio St.2d 45.  While a trial court has a
> duty to include instructions on lesser included offenses, a defendant still

21

retains the right, through counsel, to waive such instructions.  *Id*. at 47. Given this right to waive jury instructions on lesser included offenses, a defendant cannot rely on the plain error rule to evade the consequences of his own trial strategy.  *See id.*  ("What appears to have been a tactical decision [not to request a lesser included instruction] in this case during trial cannot now be converted into judicial error.").

Counsel's failure to argue those issues appellant presents in his application does not raise a *genuine issue* as to whether counsel was ineffective since counsel is not required to present every imaginable issue on direct appeal.  "To show ineffective assistance, [appellant] must prove that his counsel were deficient for failing to raise the issue he now presents and that there was a reasonable probability of success had they presented those claims on appeal."  *State v. Jalowiec*, 92 Ohio St.3d 421, 422, 2001-Ohio-164, certiorari denied, 534 U.S. 964, 122 S.Ct. 374.

Appellant has not offered any evidence to show that trial counsel's failure to request jury instructions on lesser included offenses was anything other than trial strategy aimed at acquiring a complete acquittal rather than inviting conviction on some lesser offense.

The right to counsel guaranteed by the Sixth Amendment is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). The standard for reviewing a claim of ineffective assistance of counsel is twofold:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington, supra*, 466 U.S. at 687; *see also Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir.1987). "Because of the difficulties inherent in making the evaluation, a court

must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689.

To establish prejudice, it must be shown that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id.*, at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*, at 697. Because petitioner must satisfy both prongs of the Strickland test to demonstrate ineffective assistance of counsel, if the Court determines that petitioner has failed to satisfy one prong, it need not consider the other. *Strickland*, 466 U.S. at 697.

The *Strickland* test applies to appellate counsel. *Burger v. Kemp*, 483 U.S. 776, 781-82, 107 S.Ct. 3114, 97 L.Ed.2d 638 (1987). Counsel must provide reasonable professional judgment in presenting the appeal. *Evitts v. Lucey*, 469 U.S. 387, 396-97, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). " '[W]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986) ( *quoting Jones v. Barnes*, 463 U.S. 745, 751-52, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983)). The Court of Appeals for the Sixth Circuit has identified the following considerations that ought to be taken into account in determining whether

23

counsel on direct appeal performed reasonably competently:

      1.      Were the omitted issues "significant and obvious?"

      2.      Was there arguably contrary authority on the omitted issues?

      3.      Were the omitted issues clearly stronger than those presented?

      4.      Were the omitted issues objected to at trial?

      5.      Were the trial court's rulings subject to deference on appeal?

      6.      Did appellate counsel testify in a collateral proceeding as to his appeal strategy and, if so, were the justifications reasonable?

      7.      What was appellate counsel's level of experience and expertise?

      8.      Did the Petitioner and appellate counsel meet and go over possible issues?

      9.      Is there evidence that counsel reviewed all the facts?

      10.     Were the omitted issues dealt with in other assignments of error?

      11.     Was the decision to omit an issue an unreasonable one which only an incompetent attorney would adopt?

*Mapes v. Coyle*, 171 F.3d 408, 427-28 (6th Cir.1999). This list is not exhaustive and need not produce a certain "score." *Id*. at 428.

      Petitioner has not addressed any of these issues.  However, even assuming that petitioner could show that his appellate counsel rendered ineffective assistance by failing to raise claims relating to instructions on the lesser-included offenses, he could not succeed here without also demonstrating that he was prejudiced by counsel's

performance.  This requires petitioner to show "a reasonable probability that inclusion of [these issues] would have changed the result of the appeal." *Baker v. Voorhies*, 392 Fed.Appx. 393, 402 (6th Cir. 2010) *quoting Benning v. Warden, Lebanon Correctional Inst.*, 345 Fed.Appx. 149, 158 (6th Cir. 2009).  "This requires only 'a reasonable probability that the appeal would have resulted in a remand.'" *Id*.

Petitioner has not made such a showing here.  With respect to the claim regarding trial court error, as the state appellate court noted, petitioner's trial counsel, as a matter of trial strategy, waived instructions on the lesser included offenses of assault and involuntary manslaughter.  As a result, petitioner could not have succeeded on direct appeal by asserting the trial court's plain error.  *See, e.g. State v. Clayton*, 62 Ohio St.2d 45 (Ohio 1980).  Further, as the state appellate court noted, failure to request instructions on lesser included offenses is a matter of trial strategy and does not support a claim of ineffective assistance.  *See, e.g. State v. Griffie*, 74 Ohio St.3d 332 (Ohio 1996).  As a result, petitioner has not established a reasonable probability that the outcome of his direct appeal would have been different had the issue of trial counsel's inaction been raised.  Consequently, the state court properly applied *Strickland* in denying petitioner's ineffective assistance of appellate counsel claims.  Because petitioner is unable to prevail on these claims, he has not established cause for his procedural default.

Beyond the four-part *Maupin* analysis, this Court is required to consider whether

25

this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 491; *see also Sawyer v. Whitley*, 505 U.S. 333, 112 S.Ct. 2514, 120 L.Ed.2d 269. After review of the record, the Court does not deem this to be such a case.  Consequently, petitioner's fourth and fifth claims will be dismissed.

## RECOMMENDED DISPOSITION

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that petitioner's claims be **DISMISSED**.

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the

*Report and Recommendation de novo*, and also operates as a waiver of the right to appeal,

the decision of the District Court adopting the *Report and Recommendation. See Thomas v.*

*Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

 The parties are further advised that, if they intend to file an appeal of any

adverse decision, they may submit arguments in any objections filed, regarding

whether a certificate of appealability should issue.


 /s/ Terence P. Kemp
 United States Magistrate Judge

27