IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JESSE BRAKEALL,                              CASE NO. 2:10-cv-740

     Petitioner,                           JUDGE EDMUND A. SARGUS, JR.
                                     MAGISTRATE JUDGE KEMP

v.

WARDEN ROSS CORRECTIONAL
INSTITUTION,

     Respondent.

## OPINION AND ORDER

On June 9, 2011, the Magistrate Judge issued a Report and Recommendation recommending that the instant petition for a writ of habeas corpus filed under 28 U.S.C. §2254 be dismissed. (#10). On August 22, 2011, petitioner filed his objections to the Report and Recommendation. As required by 28 U.S.C. §636(b)(1), the Court will make an independent review of the question of whether any of petitioner's claims warrant relief. For the following reasons, petitioner's objections will be OVERRULED. The Report and Recommendation will be ADOPTED and AFFIRMED in its entirety and this action will be DISMISSED.

## THE REPORT AND RECOMMENDATION

In the Report and Recommendation, the Magistrate Judge recommended dismissal of petitioner's first claim on grounds that it failed to raise a claim appropriate for habeas corpus relief. Further, the Magistrate Judge recommended dismissal of petitioner's second claim on grounds that petitioner had not stated a Fourteenth Amendment claim. With

respect to petitioner's third claim asserting that the jury verdict was against the manifest weight of the evidence, the Magistrate Judge noted that petitioner appeared to have abandoned that claim.    Finally, the Magistrate Judge recommended dismissal of petitioner's fourth and fifth claims on grounds of procedural default.   Petitioner has objected to the Magistrate Judge's recommendation of dismissal with respect to claims one, two, four and five.   Also in his objections, petitioner has confirmed his abandonment of his third claim.

## STANDARD OF REVIEW

When objections are received to a Magistrate Judge's Report and Recommendation on a dispositive matter, the assigned District Judge "shall make a de novo determination ... of any portion of the Magistrate Judge's disposition to which specific written objection has been made...." Fed.R.Civ.P. 72(b).  After review, the District Judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the Magistrate Judge with instructions." _Id.; see also_ 28 U.S.C. §636(b)(1)(B).  General objections are insufficient to preserve any issues for review "[a] general objection to the entirety of the Magistrate's report has the same effects as would a failure to object." _Howard v. Secretary of Health and Human Servs.,_ 932 F.2d 505, 509 (6th Cir. 1991).

The provisions of the Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (AEDPA) govern the scope of this Court's review. _See Penry v. Johnson,_ 532 U.S. 782, 791, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001); _Wilson v. Parker,_ 515 F.3d

682, 691 (6th Cir.2008). AEDPA imposes a "highly deferential standard for evaluating state-court rulings," *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and "demands that state-court decisions be given the benefit of the doubt," *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (per curiam ). *Renico v. Lett*, 130 S.Ct. 1855, 1862 (2010)(footnote omitted) .

When the claims presented in a habeas corpus petition have been presented to and decided by the state courts, a federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence that was presented. 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As the Supreme Court has explained, "an unreasonable application of federal law is different from an incorrect application of federal law." *Williams v. Taylor*, 529 U.S. 362, 410, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *see also Harbison v. Bell*, 408 F.3d 823, 829 (6th Cir. 2005). Indeed, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision

3

applied clearly established federal law erroneously or incorrectly." *Id.*, at 411, 120 S.Ct. 1495. Rather, that application must be "objectively unreasonable." *Id.*, at 409, 120 S.Ct. 1495. This distinction creates "a substantially higher threshold" for obtaining relief than de novo review. *Schriro v. Landrigan*, 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007).

## FACTUAL BACKGROUND

The Report and Recommendation recites the pertinent facts of this case as they appear in the Court of Appeals' decision affirming petitioner's conviction. *See State v. Brakeall*, 2009 WL 2139543 (12th Dist. 2009); *Exhibit 9 to Return of Writ*. Petitioner does not argue that any of these facts are stated inaccurately, so the Court adopts them as correctly setting forth the factual backdrop for petitioner's claims.

## CLAIM ONE

Petitioner's first claim is that the trial court erred by denying his motion for a new trial. The basis for this claim before the state court was juror misconduct as a result of reference to extrinsic materials while deliberating the verdict. The Magistrate Judge concluded that petitioner had not asserted a constitutional error before the state appellate court nor had he done so here.

As the Magistrate Judge found, to the extent that petitioner raises an issue regarding the violation of state law, such claim is not appropriate for federal habeas corpus review. A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris,* 465 U.S.

37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir.1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir.1988). " '[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure' " in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir.1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir.1988).

In his objection, petitioner asserts that he did raise his claim as a constitutional claim before this Court because on page four of the memorandum in support of his petition, in discussing Ohio law, he included the following sentences:

> The constitutional source is derived from the Sixth Amendment to the United States Constitution which states in part, "[I]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed", U.S. Const. Amend. VI. This concept was applied to the states via the Fourteenth Amendment to the United States Constitution. *Klopfer v. North Carolina*, 386 U.S. 213, 223 (1967).

These sentences were also included in petitioner's appellate brief before the state court because his memorandum in support of his petition is a verbatim restatement of that brief. The bulk of the petitioner's argument in his state appellate brief relating to this issue, however, is raised in terms of Ohio law with citations to the Ohio Constitution, the Ohio Revised Code, the Ohio Rules of Criminal Procedure, and Ohio case law. The state appellate court, in addressing this issue, relied only on Ohio law. To the extent that petitioner's memorandum could be read as raising a constitutional

5

claim here, and assuming that it could be construed as having been fairly presented to the state court, this claim fails on its merits.

Petitioner appears to be asserting that his rights to a fair trial and due process were violated when two jurors referred to extrinsic material while deliberating and, therefore, it was error for the trial court to deny his request for a new trial.  As explained by the Ohio appellate court:

> Attached to Brakeall's motion for a new trial was an affidavit from his defense counsel who averred on June 27, 2008, the trial court informed him "that pursuant to information learned from a deputy, two jurors referred to extrinsic materials and/or evidence while deliberating [Brakeall's] verdict."  In a memorandum supporting the motion for a new trial, defense counsel represented that the extrinsic material to which the jurors had referred was a Black's Law Dictionary.

*Brakeall, supra,* at *2.

In denying his request for a new trial, the trial court relied on Ohio's *aliunde* rule. The purpose of this rule has been explained as follows.

> According to the Ohio Supreme Court, "The [aliunde] rule is intended to preserve the integrity of the jury process and the privacy of deliberations, to protect the finality of the verdict, and to insulate jurors from harassment by dissatisfied or defeated parties by prohibiting a court from questioning a juror about what occurred during deliberations, or about anything else that may have affected the juror's mind or emotions in the deliberations process once a final verdict is rendered." *State v. Reiner* (2000), 89 Ohio St.3d 342, 731 N.E.2d 662, *citing State v. Schiebel* (1990), 55 Ohio St.3d 71, 75, 564 N.E.2d 54; *State v. Adams* (1943), 141 Ohio St. 423, 427, 48 N.E.2d 861.

> This restriction upon impeaching a jury verdict is codified in Ohio Evid.R. 606(B):

> "Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the

6

course of the jury's deliberations or to the effect of anything upon his or
any other juror's mind or emotions as influencing him to assent to or
dissent from the verdict or indictment or concerning his mental processes
in connection therewith. A juror may testify on the question whether
extraneous prejudicial information was improperly brought to the jury's
attention or whether any outside influence was improperly brought to
bear on any juror, only after some outside evidence of that act or event has
been presented. However a juror may testify without the presentation of
any outside evidence concerning any threat, any bribe, any attempted
threat or bribe, or any improprieties of any officer of the court. A juror's
affidavit or evidence of any statement by the juror concerning a matter
about which the juror would be precluded from testifying will not be
received for these purposes."

*State v. Skrzynski*, 2010 WL 2299123, *2 (Ohio App. 6 Dist. June 4, 2010).

Applying this rule, the trial court concluded that, because the information was

received from a juror, the jury verdict could not be impeached. *Brakeall, supra*, at *2. The

state appellate court upheld the trial court's application of the *aliunde* rule agreeing that

the only evidence of misconduct presented by petitioner came from a member of the

jury and that there was no independent outside evidence to support the allegations of

misconduct. *Id*. The appellate court noted that the affidavit presented by petitioner

was not based on firsthand knowledge. *Id*.

The Sixth Circuit has held that there is no "constitutional impediment to

enforcing" Ohio's *aliunde* rule. *Hoffner v. Bradshaw*, 622 F.3d 487, 501 (6th Cir. 2010)

*citing Brown v. Bradshaw*, 531 F.3d 433, 438 (6th Cir. 2008); *Tanner v. United States*, 483 U.S.

107, 117-27 (1987). The petitioner has not provided any authority to the contrary.

Further, petitioner has not suggested that the trial court improperly applied the *aliunde*

rule under the circumstances presented. Consequently, petitioner's objection with

7

respect to his first claim will be overruled.

CLAIM TWO

Petitioner's second claim is that the trial court violated his state constitutional right to a grand jury indictment and his due process rights when his indictment failed to include an essential element of the offense. The Magistrate Judge concluded that to the extent petitioner alleged a violation of state law or the Ohio Constitution, he had failed to present an issue appropriate for federal habeas corpus relief. Further, with respect to any claim under the Fourteenth Amendment, the Magistrate Judge concluded that the due process mandate that a criminal defendant be provided fair notice of the charges against him so that he may adequately prepare a defense had been met here.

Petitioner does not so much challenge the Magistrate Judge's conclusions on this claim as simply reiterate his previous argument on the issue. This failure to raise any specific objection is sufficient grounds to deny petitioner's objection. *See, e.g., Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Cole v. Yukins*, 7 Fed.Appx. 354, 356(6th Cir. March 19, 2001) (unpublished) ("[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object"). Moreover, the Court concludes that the Magistrate Judge was correct in finding that the indictment at issue here satisfied the due process requirement of fair notice sufficient to allow adequate preparation of a defense. *See, e.g., Lucas v. O'Dea*, 179 F.3d 412, 417 (6th Cir. 1999). Consequently, the Court agrees that petitioner's second claim lacks merit and the objection will be overruled.

8

## CLAIMS FOUR AND FIVE

Petitioner's fourth and fifth claims were raised in his Rule 26(B) application asserting ineffective assistance of appellate counsel. In his petition, petitioner did not identify these claims as raising a constitutional claim of ineffective assistance of appellate counsel. Rather, as the Magistrate Judge noted, petitioner asserted these claims as independent claims of trial court error and the ineffective assistance of trial counsel arising from the alleged failure of the trial court to instruct the jury on the elements of lesser-included offenses.

As the Magistrate Judge pointed out, to the extent petitioner seeks habeas corpus review of these underlying claims, his Rule 26(B) application does not preserve these claims for habeas review because only ineffective assistance of appellate counsel claims survive through such an application. The Magistrate Judge, recognizing that a federal district court may, in its discretion, raise the issue of procedural default *sua sponte, see Foti v. Bobby*, 2007 WL 1577785, \*4 (N.D.Ohio May 31, 2007), *citing Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir.2005); *Lorraine v. Coyle*, 291 F.3d 416, 426 (6th Cir.2002), and that petitioner would have the opportunity to address the issue in any objections, recommended that these underlying claims be dismissed on grounds of procedural default and petitioner's failure to establish cause for such default.

In his objection relating to these claims, petitioner does not address any of the issues related to procedural default raised in detail by the Magistrate Judge in the Report and Recommendation. Instead, the petitioner merely makes conclusory

9

assertions that he was denied a fair trial due to trial court error and that he was prejudiced by the ineffective assistance of both trial and appellate counsel. As with his second claim, petitioner's failure to raise any specific objection is sufficient grounds to deny petitioner's objection. *Miller*, 50 F.3d at 380.

Further, the Court is satisfied that the Magistrate Judge correctly applied the four-part test set forth in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), in concluding that the petitioner's fourth and fifth claims were procedurally defaulted. Moreover, petitioner has not demonstrated the ineffective assistance of appellate counsel sufficient to demonstrate cause for his procedural default. Even had petitioner done so, he has not demonstrated any prejudice resulting from counsel's performance. That is, petitioner has failed to establish a reasonable probability that the outcome of his direct appeal would have been different had appellate counsel raised on appeal the issues of trial court error or ineffective assistance of trial counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Consequently, petitioner's objection relating to his fourth and fifth claims will be overruled.

## CONCLUSION

Pursuant to 28 U.S.C. §636(b), this Court has conducted a de novo review of the Magistrate Judge's Report and Recommendation. After careful review of the entire record, this Court is unpersuaded by any of petitioner's arguments. For the foregoing reasons, and for the reasons detailed in the Magistrate Judge's Report and Recommendation, petitioner's objections are **OVERRULED**. The Report and

Recommendation is **ADOPTED** and **AFFIRMED**.  This matter is **TERMINATED**.

        **IT IS SO ORDERED**.


_____10-5-2011_____
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

11